Rev. 5/2017 Prisoner Complaint

7018 1830 0001 1436 5390

FILED

FEB 19 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV  26301

# United States District Court

Northern District of West Virginia

Case No. _____
(To be filled out by Clerk's Office only)

5:20 cv 36
Bailey
Mazzone
Blalock

Marc Pierre Hall
_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

Inmate Number 11691058

-against-

United States; Director Herwitz; Regional
Director A.P. Dunbar; Warden J. Coakley;
AW. Keys; Captain Phipps;
HSA Friend; ASHA McCardle. (continued);

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

# COMPLAINT/Affidavit

*(Pro Se* Prisoner) 28 USC 1746

Jury Demand?
☒ Yes in part and advisory
       against United states.
☐ No

---

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Page 1 of 10

Hall v. USA, et. al.

(continued) p. 1

2

<u>Defendants</u>:

Director Kathleen H. Sawyer; Regional Director D. J. Harmon;
Yvette Phillips Central Office Medical Designator & Does 1-5;
Complex Warden Antonelli; Complex Warden F. Entzel;
Associate Warden McCraffrey; Associate Warden Sweaney;
Legal Counsel's Office & Does 1-5; Legal Counsel Matthew
W. Mellady; Captain Howell; Captain Haggameyer;
Regional Doctor V. Dankwa; Regional RN Osborn; Sarah
Senko (PHSE); Doctor G. Mimms; Physician Assistant J.
Pyles; Physician Assistant Meyers; Office - Moats; Ian Connors -
Administrator; Office of Medical Designator; BOP Agency;
HIT Clerk Shaw; PA-Physician Assistant Leigh Bird;

Hall v. USA, et. al.

3

Rev. 5/2017 Prisoner Complaint

## I.     COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☐     42 U.S.C. § 1983 (state, county, or municipal defendants)

☑     Action under *Bivens v. Six Unknown Federal Narcotics Agents* 403 U.S. 388 (1971) (federal defendants).   See attached Jurisdiction page.

☑     Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b)).

## II.     PLAINTIFF INFORMATION

Marc Pierre Hall
Name

11691058
Prisoner ID #

USP Hazelton
Place of Detention

POB 2000
Institutional Address

Bruceton Mills          WVa.          26525
City                    State          Zip Code

## III.     PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐     Pretrial detainee   ☐ State   ☐ Federal
☐     Civilly committed detainee
☐     Immigration detainee
☐     Convicted and sentenced state prisoner
☑     Convicted and sentenced federal prisoner

Hall v. USA, et. al.                                          4

I Complaint (Continued 2/10):

Other Jurisdiction (Fully Incorporated)

- Rules 65 (a) F.R.CV.P ; 18, 19, 45 F.R.CV.P
- 28 USC 1292 (b); 1331; 1332; 1343 a(1-4); b(1-2); 1361; 1961; 2401; 2679 (b)(2)A; 2678; 2412, (d)(i)(A).
- 42 USC 1985 (3); 1986; 1988
- 18 USC 4001(b)(2); 4042 (a)(2), (3)
- W.V GS §55-7B-6(b), (c); §55-7B-8(a), (b)

This shall not incorporate Title 28 USC 1346(b) etc. seq. based on the damage amounts.

*Hall v. USA, et. al.*

Rev. 5/2017 Prisoner Complaint

5

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:    United States
Name

Corporation
Current Job Title

US Dept. of Justice 950 pensylvania Ave, NW
Current Work Address

Washington         DC              20530
City                         State            Zip Code

Capacity in which being sued: ☐ Individual ☒ Official ☒ Both

Defendant 2:    Director Herwitz
Name

Director BOP Agency
Current Job Title

320 First street, NW
Current Work Address

Washington         DC              20534
City                         State            Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Hall v. USA, et. al.

Rev. 5/2017 Prisoner Complaint

6

**Defendant(s) Continued**

Defendant 3:    Angela P. Dunbar
                Name

                Regional Director- BOP Agency
                Current Job Title

                Mid-Atlantic Regional office, 302 Sentinel Dr.   # 200
                Current Work Address

                Annapolis Junction   MD.   20701
                City                 State      Zip Code

                Capacity in which being sued: ☐ Individual ☐ Official ☑ Both


Defendant 4:    Joe Coakley
                Name

                Warden
                Current Job Title

                USP Hazelton
                Current Work Address

                Bruceton Mills,  WV   26525
                City             State     Zip Code

                Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Page 4 of 10

Hall

Defendants continued

P.4 of 10

Defendant 5:    A.W Keys
                Associate Warden
                USP Hazelton (last Known)
                Bruceton Mills, WV. 26525
                sued in both capacities

Defendant 6:    Captain Phipps

                Captain
                USP Hazelton (last Known)
                Bruceton Mills, WV. 26525
                sued in both capacities

Defendant 7:    Kathleen Hawk Sawyer
                BOP National Director
                Central Office FBOP
                320 First St., NW
                Washington, DC 20534
                Sued in both Capacities

Defendant 8:    Regional Director D.J. Harmon
                Regional Director
                Mid-Atlantic Regional Office
                302 Sentinel Dr. #200
                Annapolis Junction, MD. 20701
                Sued In both Capacities

Defendant 9:    HSA Friend
                Hospital Administrator
                USP Hazelton (Last Known)
                Bruceton Mills, WV. 26525
                Sued In both Capacities

Hall v. USA, et. al.
Defendants Continued
P. 4 of 10

8

Defendant 10 :   PHSE McCardle (sic)
Public House Service Employee / Assistant -
Hospital Administrator
USP Hazelton (Last Known)
Bruceton Mills, WV. 26525
Sued In both capacities

Defendant 11 :   Yvette Phillips and Does 1-5
Central Office Medical Designator - (last Known)
320 First Street, NW
Washington, DC. 20534
Sued In both capacities

Defendant 12 :   Complex Warden Antonelli
Complex Warden
USP Hazelton
Bruceton Mills, WV. 26525
Sued In both capacities

Defendant 13 :   Warden F. EnTzel
Facility Warden
USP Hazelton (last Known)
Bruceton Mills, WV. 26525
Sued In both capacities

Defendant 14 :   A.W McCraffrey
Associate Warden
USP Hazelton
Bruceton Mills, WV. 26525
Sued In both capacities

Mailing Address List 1
(continued) p.4 of 10

9

Defendant 15:  A.W Sweaney (sic)
Associate Warden
USP Hazelton (last Known)
Bruceton Mills, WV. 26525
Sued In both capacities

Defendant 16:  Legal Counsel's office and Does 1-5
Legal Counsels
USP Hazelton
Bruceton Mills, WV. 26525
Sued In both Capacities

Defendant 17:  Captain Howell
Captain
USP Hazelton (Last Known)
Bruceton Mills, WV. 26525
Sued In both capacities

Defendant 18:  Captain Haggemeyer
Captain
USP Hazelton
Bruceton Mills, WV. 26525
Sued In both capacities

Defendant 19:  Regional RN Osborn
Regional Registered Nurse
Mid-Atlantic Regional office
302 Sentinel Drive # 200
Annapolis Junction, MD. 20701
Sued In both Capacities

Hall v. USA, et. al.
(continued) p. 4 of 10

10

Defendant 20 :   PHSE Sarah Senko
                 Public Health Service Employee
                 USP Hazelton (last Known)
                 Bruceton Mills, WV. 26525
                 Sued In both Capacities

Defendant 21 :   Dr. Gregory Mimms
                 Clinical Director / MD
                 USP Hazelton
                 Bruceton Mills, WV. 26525
                 Sued In both capacities

Defendant 22 :   P.A. John Pyles
                 Physician Assistant
                 USP Hazelton
                 Bruceton Mills, WV. 26525
                 Sued In both capacities

Defendant 23 :   P.A. Meyers
                 Physician Assistant
                 USP Hazelton
                 Bruceton Mills, WV. 26525 (last Known)
                 Sued In both capacities

Defendant 24 :   Matthew W. Mellady
                 Regional Counsel's Office
                 Mid-Atlantic Regional Office
                 302 Sentinel Dr. #200
                 Annapolis Junction, MD. 20701
                 Sued In both capacities

Hall v. USA, et. al.
(continued) p. 4 of 10

11

Defendant 25 :   Office of Central Medical Designator
                 Office of the BOP Agency
                 320 First St., NW
                 Washington, DC. 20534
                 Sued In both capacities

Defendant 26 :   FBOP Agency
                 Federal employer of the United States
                 320 First St., NW
                 Washington, DC. 20534
                 Sued In official capacity

Defendant 27 :   Officer Moates
                 Correctional Officer
                 USP Hazelton
                 Bruceton Mills, WV. 26525
                 Sued In both capacities

Defendant 28 :   Ian Connors
                 Administrator National Inmate Appeals
                 Central Office
                 320 First St., NW
                 Washington, DC. 20534
                 Sued In both capacities

Defendant 29 :   HIT Clerk Shaw
                 HIT Clerk
                 USP Hazelton
                 Bruceton Mills, WV. 26525
                 Sued In both capacities

Hall v. USA, et. al.
(continued) p. 4 of 10

12

Defendant 30:  Leigh Bird
                Physician Assistant
                USP Hazelton (last Known)
                Bruceton Mills, WV. 26525
                Sued In both capacities

V. Statement of Claim: 5 of 10

Place(s); Date(s) and which federal constitutional or statutory rights have been violated: see attached pages 1-14 fully incorporated.

Facts: the following proceeds under either imminent danger of serious injuries and/or fundamental interest at stake of constitutional rights.

Between 5/17/18 to present, defendants herein fully incorporated, did in deliberate indifference directly or indirectly caused or contributed to a risk to health and safety of plaintiff that placed plaintiff in imminent danger of serious injury and/or did conspire to deprive civil rights through unreasonable excessive delay of access to outside care for timely care and treatment that denied the proper standard of care for chronic care conditions for individualized needs, and acting outside their scope of employment or office, did cause a wanton infliction of pain and suffering and worsening physical conditions of all chronic diseases and injuries, in discrimination in violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments, and/or pursuant to personal involvement laws, were personally involved through failure to act, supervise or intervene in deliberate indifference having tacit authorization of subordinate conduct that violated clearly established laws and having received legal notice through the U's attorney's Office, did contribute to risk of health and safety and imminent danger of serious injuries of plaintiff's serious medical conditions; and/or in conspiracy to deprive civil rights that contributed to worsening conditions of diseases and injuries and a wanton infliction of pain and suffering that denied the proper standard of care for plaintiff's diseases and injuries, unreasonably delaying or denying access to timely outside care and treatment not available at USP Hazelton, WV, in discrimination under the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments; and/or with negligence; ordinary negligence ...

<u>Facts (continued)</u>: 5 of 10

negligence per se, abuse of process; misrepresentations; reckless
disregard for health and safety; breach of duty owed to plaintiff;
obstruction of Justice for inaccurate and untimely medical records
created, did deny the appropriate standard of care within their
scope of employment or office for timely access to outside services
for care and treatment for chronic disease and injuries in which
services for care were NOT available at the USP Hazelton, W.V.
facility as individualized needs that worsened conditions with
chronic pain in violation of 18 USC 4001(b)(2), 4042(a)(2), (3)
against the United States under FTCA law; and/or under
respondeat superior for negligent supervision of the above fully
incorporated against the United States pursuant 18 USC 4001(b)
(2), 4042(a)(2),(3); BOP PS 6031.04; PS 6010.05; PS 6090.04;
PS 6013.01; PS 1040.04; 28 CFR 551.90.

Hall v. USA, ET. al.

Rev. 5/2017 Prisoner Complaint

14

| | |
|---|---|
| What happened to you? | See pages 1-14 Fully Incorporated |

| | |
|---|---|
| When did it happen to you? | See pages 1-14 Fully Incorporated |

| | |
|---|---|
| Where did it happen to you? | See pages 1-14 Fully Incorporated |

Hall v. US, et. al.                                                    15

Additional pages

---

P. 1

Claim 1. (Fully Incorporated)

Defendants: National Director Mark Inch; Director Herwitz; Warden Coakley; Warden F. Entzel; Associate Warden Keys; Captain Howell; Captain Phipps; Director A.P. Dunlap; Doctor G. Mimms; P.A. John Ryles; PA. Meyers; Legal Counsel's office; HIT clerk shaw; legal counsel Matthew W. Mellady; HSA Friend; AHSA McCardle; United States. (as fully incorporating facts p. 5), to wit:

Did in deliberate indifference directly or indirectly cause or contributed to a risk to health and safety of plaintiff and did conspire to deprive civil rights through unreasonable excessive delay of access to outside care for timely care and treatment of pulmonary and neurology consults and pain management as ordered by Dr. Adams for serious medical needs and individualized needs, causing a wanton infliction of pain and suffering, who did contribute directly or indirectly to facility security problems at USP Hazelton, W.V. by either under-staffing, repeated cancellations of medical appointments and repeated lockdowns that caused security issues to override timely access to outside medical services for care and treatment. who further failed to report these violations of staff misconducts in concealment as required by BOP PS 3420.11; 1210.24 and other policies, rules, regulations or laws without discretion with such acts and omissions acting outside their scope of employment or office, that directly contributed to worsening conditions of plaintiff's medical conditions and chronic pain, between the dates of: 5/17/18 thru 3/1/19 in violation of plaintiff's 5th amendment of discrimination equal protection of law and 8th amendment cruel and unusual punishments; and/or did with negligence; ordinary negligence; negligence per se; abuse of process; misrepresentations; reckless disregard for health and safety; breach of duty owed; obstruction of justice for inaccurate and untimely medical records created; did deny timely access or unreasonably excessive delay of access to outside medical services

(over)

Hall v. US, et.al.                                                16
Additional pages

<u>p.2</u>

<u>Claim 1</u> (continued):

for care and ~~treatment~~ for chronic diseases that included, pulmonary neurology; rheumatology; cardiology; orthopedic; physiatry as serious medical needs and worsening conditions and chronic pain thereof in violation of their duty of care 18 USC 4001(b)(2). 4042 (a)(2),(3) by defendant United States pursuant ~~FTCA~~ laws. (exh.'s 1, ad. remedies no. 948486; FTCA exh. 1-9, fully incorporated); between the dates 5/17/18 to present; while acting within the scope of employment or their office.

<u>Claim 2 (Fully Incorporated)</u>

<u>Defendants</u>:  National Director Mark Inch;
Warden Coakley; Warden F. Entzel; Associate
Warden Keys; Director A.P. Dunlap; Director Herwitz
Captain Phipps; Captain Howell; Doctor G. Nimms;
HSA Friend; AHSA McCardle; United States (as
fully incorporating facts p. 5); to wit:

pursuant personal involvement laws, did through ~~failure~~ to acts supervise or intervene in deliberate indifference having tacit authorization during and in relation to claim (1) fully incorporated, pursuant supervisor liability, having received legal notice through the attorney general's office, that contributed to risk of health and safety who/did conspire to deprive civil rights of plaintiff by acts and omissions and tacit authorizations of subordinate conduct ~~that~~ violated clearly established laws, which directly contributed to plaintiff's constitutional and physical injuries and worsening conditions of diseases as set forth in claim (1) fully incorporated, through unconstitutional operations of the USP Hazelton, W.V. facility, of under-staffing and lockdowns that directly caused repeated cancellations of medical appointments, having duty to act failed to report staff misconducts pursuant BOP PS 3420.11; PS 1210.24 and other policies, rules, regulations or laws, that directly contributed to excessive delay or denial of access to outside medical serives for care and treatment for

Hall v. US, et al
Additional pages                                                    17

p. 3

## Claim 2 (continued):

individualized needs constituting a wanton infliction of pain and suffering of such chronic diseases set forth in claim (1) fully incorporated in acts and omissions outside their scope of employment or office, that worsened plaintiff's conditions in discrimination under the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments between the dates 5/17/18 to 3/1/19; and/or under Respondeat superior such did constitute negligent supervision of the above herein fully incorporated that violated duty of care owed to plaintiff while acting within the scope of employment or their office, did worsen all chronic diseases set forth in claim (1) fully incorporated in violation of 18 USC 4001(b)(2); 4042(a)(2), (3) against the United States under FTCA Law. (exh.'s 1, ad. remedies no. 948486. FTCA exh. 1-9 fully incorporated), between the dates 5/17/18 to present.

## Claim 3 (Fully Incorporated)

<u>Defendants</u>:  Legal counsel's office; Legal counsel Matthew W. Mellady; Complex Warden Antonelli; Associate Warden Sweaney; Associate Warden McCraffrey; Doctor Dankwa; Regional Director D. J. Harmon; Captain Haggmeyer; RN Osborn; Dr. G. Mimms; HSA Friend; AHSA McCardle. HiT Clerk Shaw; Director Herwitz; Director Sawyer; Leigh Bird; United States (as fully Incorporating facts p. 5); to wit:

Did in deliberate indifference directly or indirectly caused or contributed to risk of health and safety of plaintiff and/did conspire to deprive civil rights through unreasonable excessive delay of access to outside medical services for timely medical care and treatment for individualized serious medical needs of pulmonary; neurology; pain management; rheumatology; Cardiology; physiatry; orthopedics; optomology and physical therapy as clearly indicated in medical records for several spinal/lumbar stenosis; right knee meniscus tears and loss of range of motion (rom); bone edema;

(over)

Hall v. US, et al.
Additional pages

18

p.4

Claim 3 (continued):

poor heart voltage etc; chronic arthritis deteriorating muscles and joints; lung deterioration to capacity of 49% with limited response to medicines with 7mm nodule lower right lung with persistent asthma and copd: vision impairment, as a wanton infliction of pain and suffering for individualized and serious medical needs, who did contribute directly or indirectly to facility security problems at USP Hazelton, W.V. by either under-staffing, repeated medical appointment cancellations and repeated facility lockdowns that directly caused security problems above to override timely access to outside medical services for care and treatment for individualized needs and serious medical needs causing a wanton infliction of pain and suffering and worsening conditions of such diseases; who further failed to report these staff misconducts and violations of policy and law in concealment pursuant BOP PS 3420.11; PS 1210.24 and other policies, rules, regulations or law, that unreasonably delayed or denied timely access to outside medical services that directly worsened plaintiff's conditions in acts and omissions outside their scope of employment or office pursuant clearly established laws, between the dates of: 3/2/19 to present in discrimination in violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments of plaintiff's constitutional rights; and/or did with ordinary negligence; negligence; negligence per se; abuse of process; misrepresentations; reckless disregard for health and safety; breach of duty owed to plaintiff; obstruction of justice for inaccurate and untimely medical records created; did deny timely access or unreasonably excessive delay of access to outside medical services for care and treatment for chronic diseases that included pulmonary; neurology; rheumatology; cardiology; orthopedic; physiatry; pain management; optomology; PT-physical therapy as individualized serious medical needs and worsening conditions and chronic pain with acts and omissions within their scope of employment or office that did violate their duty of care between the dates of: 5/17/19 to present

Hall v. US, et. al.
Additional pages                                                    19

P. 5
Claim 3 (continued):

in violation of 18 USC 4001(b)(2); 4042(a)(2),(3) against the United
States pursuant FTCA laws. (exh.'s 1, ad. remedy no. 948986; FTCA
exh. 1-9, fully Incorporated).

Claim 4 (Fully Incorporated)

Defendants:  United States; Complex Warden Antonelli; Associate
Warden Sweaney; Associate Warden McCraffrey;
Regional Director D. J. Harmon; Captain Happmeyer;
Doctor G. Mimms; HSA Friend; AHSA McCardle;
National Director Herwitz; National Director Sawyer;
Legal Counsel's Office; Legal Counsel Matthew W. Mellady
(as fully Incorporating facts P. 5); to wit:

Pursuant personal involvement laws, did through failure to act,
supervise or intervene in deliberate indifference having tacit authorization
during and in relation to claim (3) fully incorporated, pursuant super-visor
liability, having received legal notice through the attorney general's office,
that contributed to risk of health and safety who did conspire to deprive
civil rights of plaintiff by acts and omissions and tacit authorizations
of subordinate conduct that violated clearly established laws, which
contributed to plaintiff's constitutional and physical injuries and worsening
conditions of diseases as set forth in claim (3) fully incorporated, through
unconstitutional operations of the USP Hazelton, W.V. facility, of understaffing
and lockdowns that directly caused repeated cancellations of medical
appointments, having duty to act failed to report staff misconducts pursuant
BOP PS3420.11; PS 1210.24 and other policies, rules, regulations or laws, that
directly contributed to excessive delay and/or denial of timely access to
outside medical services for care and treatment for individualized and
serious medical needs constituting a wanton infliction of pain and suffering
of such chronic diseases set forth in claim (3) fully incorporated, in acts
and omissions outside the scope of their employment or office pursuant
clearly established laws; in discrimination under the 5th amendment
equal protection of laws and 8th amendment cruel and unusual

(over→)

Hall v. US, et. al.
Additional pages                                        20

P. 6

Claim 4 (continued):

punishments that did violate such constitutional rights of
Plaintiff between the dates of : 3/2/19 to present; and/or under-
respondeat superior such did constitute negligent supe-vision of the
abovehein fully incorporated that violated their duty of care owed
to plaintiff which worsened all chronic diseases set forth in claim (3)
fully incorporated with acts and omissions within their scope of office
or employment between the dates of: 5/17/18 to present in violation of
18 USC 4001(b)(2); 4042(a)(2),(3) against the United States under FTCA
Law. (exh's 1, ad. remedy no. 948486; FTCA exh. 1-9 fully Incorporated).

Claim 5 (Fully Incorporated)
Legal Counsel's office; Legal counsel Matthew W. Mellady;
Defendants: United States; PHSE Sarah Senko; office- Moates;
Doctor Mimms; HSA Friend; AHSA McCardle;
(as fully incorporating Facts p.5); to wit:

Did in deliberate indifference directly or indirectly caused or con-
tributed to a risk to health and safety of plaintiff and/did conspire to
deprive civil rights through denial of individualized needs for chronic
Care Services for pulmonary; neurology; pain management; rheumatology
Cardiology; physiatry; orthopedics; optomology and physical Therapy
as serious medical needs as clearly established in medical records,
who did act without discretion acting outside the scope of their
employment or office through falsified medical reports in acquiesce
to obstruct such care and treatment of plaintiff re: several spinal/
lumbar stenosis; right Knee meniscus tears and loss of range of
motion (rom); bone edema; poor heart voltage etc.; chronic
arthritis deteriorating muscles and Joints; lung deterioration to
capacity of 49% with a 7mm nodule lower right lung and limited response to meds
asthma and copd; vision impairment constituting a wanton infliction
of pain and suffering, who did contribute to such discrimination
under the 5th amendment equal protection of law and 8th amendment
Cruel and unusual punishments of plaintiff's constitutional rights; and/or
did with negligence; ordinary negligence; negligence per se; abuse of
process; misrepresentations; reckless disregard for health and safety;

Hall v. U.S., et. al.
Additional pages

21

P. 7

## Claim 5 (continued):

breach of duty owed to plaintiff; obstruction of Justice for falsified medical records and related information therein created; with acts and omissions within the scope of their employment or office that did deny chronic care services for medical care and treatment for chronic diseases stated hereinabove fully incorporated that worsened such conditions and contributed to chronic pain and suffering; on or about the date of: 7/8/19 to present, in violation of their duty of care 18 USC 4001(b)(2); 4042(a)(2),(3) against the United States pursuant FTCA Laws. (exh.'s 5, ad. remedy no. 983435; exh. 3 FTCA no. TRT-MXR-2019-06403 fully incorporated).

## Claim 6 (Fully Incorporated)

Defendants: United States; Complex Warden Antonelli; Associate Warden Sweaney; Regional Director D. J. Harmon; Captain Haggameyer; Doctor G. Mimms; HSA Friend; AHSA McCardle; Associate Warden McCaffrey; National Director Sawyer; office of legal counsel; Legal counsel Mellady; (as fully Incorporating facts p.5), to wit:

pursuant personal involvement laws, did through failure to act, supervise or intervene in deliberate Indifference having tacit authorization during and in relation to claim (5) fully incorporated, pursuant Supervisor liability, having received legal notice through the attorney general's office (inter-alia), that contributed to risk of health and safety who/did conspire to deprive civil rights of plaintiff by acts and omissions and tacit authorizations of subordinate conduct that violated clearly established laws, who acted outside their scope of employment or office by such acts and omissions that violated clearly established laws, that contributed to or directly caused plaintiffs worsening conditions of such diseases as set forth in claim (5) fully incorporated including physical and constitutional injuries; that also

(over-)

Hall v. US, et.al.
Additional pages

22

p. 8

Claim 6 (continued):

constituted a wanton infliction of pain and suffering, in dis-
crimination under and in violation of the 5th amendment and
the 8th amendment cruel and unusual punishments to plaintiff
between the dates of: 7/8/19 to present; and/or under respondent
superior such did constitute negligent super-vision of the above-
herein fully incorporated that violated their duty of care owed to
plaintiff, who in acting within their scope of employment or
office did worsen all chronic diseases set forth in claim (5)
fully incorporated in violation of 18 USC 4001(b)(2); 4042(a)(2), (3)
against the United States under the FTCA laws between the dates
of: 7/8/19 to present. (exh.'s 3, ad. remedy no.'s 983435; exh. 3,
FTCA no. TRT-NXR-2019-06403, fully Incorporated).

Claim 7 (fully incorporated)

Defendants: United States; Regional Director D.J. Harman;
           National Director Mark Inch; National Director
           Herwitz; National Director Sawyer; Central
           Office Medical Designator Yvette Phillips and Does 1-5
           Office of Medical Designator; National Administrator
           Ian Conners; Legal Counsel Matthew W. Mellady;
           office of legal counsel; Warden Coakley; Dr. Nimms
           PA Ryles; (as fully incorporating facts P.5); to wit:
Did in deliberate indifference directly or indirectly caused or con-
tributed to a risk to health and safety of plaintiff and did conspire to
deprive civil rights through denial of individualized needs for medical trans-
fer by downsizing medical qualifying conditions for placement in a (MRC-
Medical Referral Center) that constituted falsified medical records, regard-
ing persistent asthma; copd; several intubations and reduced lung capacity
at around 49% with limited response to medicines; a 7mm nodule lower right lung
(inter alia) and risk of lung collapse and death, in which intubation policy

Hall v. US, et. al.

Additional pages                                        23

<u>P.9</u>

<u>Claim 7 (continued):</u>

directives mandate (MRC) placement as part of the standard of care for intubated inmates, that limits discretion thus acting outside their scope of employment or office. Such qualifying intubations of serious medical conditions of persistent chronic asthma and copd with severe lung capacity depletion of about 49% with pneumonia, existed in plaintiff's medical records for years in determining transfers, and is considered physical injuries pursuant law and are not de minimis due to being treated with medicines and intubated with collapsed lungs. Plaintiff recently suffered another pneumonia and asthma/copd injury on or about 3/18/19 at USP Hazelton that placed him at risk of death and imminent danger of serious injury if his lungs were to collapse as before that intubated him several times. Dr. Mimms and PA Ryles treated the 3/18/19 asthma/copd and pneumonia with steroids and antibiotics, yet again the standard of care for intubated inmates was not provided in accord with policy directives for placement in a (MRC) for such risk to health and safety and injury. In which recent peak flow tests conducted by RN Julia Gillespie at USP Hazelton clearly show an average of only (310) while on nonformulary medications for both copd and asthma. In other words, the prescribed medications are no longer controlling the chronic diseases of copd and persistent asthma in which Dr. Mimms and PA Ryles were made aware by affidavit, medical records and on followup visits; indicating worsening conditions. Such standard of care   and denial of policy directives by the defendants are directly in violation of established laws, rules, regulations and policy directives for proper standard of care, discriminates under the 5th amendment equal protection of law and 8th amendment Cruel and unusual punishments of plaintiff between the dates 10/25/18 to present; and/or did with negligence; negligence per se;

(over)

Hall v. US, et. al.
Additional pages

24

P. 10

### Claim 7 (continued)

ordinary negligence ; abuse of process ; misrepresentations:
reckless disregard' for health and safety; breach of duty owed
to plaintiff while acting within their scope of employment/office did
fail to follow policy directives as part of the standard of care for
intubated inmates with related chronic series medical conditions
of physical injury as stated hereinabove fully incorporated and imminent
danger of serious injury and death, that required placement in a (MRC)
facility for several previous intubations that incorporated persistent
asthma and pneumonia as recently suffered on 3/18/19 as repeated harms
and imminent danger of serious injury and death due to risk of collapsing
lungs and intubation in which is to be cared for in a (MRC) accord
policy directives, not complied with as evident in medical records.
between the dates of 10/25/18 to present as resubmitted on Tort claim
7/23/19 in violation of their duty of care owed to plaintiff 18 USC
4001(b)(2) ; 4042(a)(2)(3) against the United States pursuant FTCA
laws. (exh 4 ; ad. remedy no. 962153. FTCA no. certified no.
70060100000069224534 7, p.10 ; exh. no. 8 of claim 1 fully incorporated).

### Claim 8 (fully incorporated)

Defendants: United States. Regional Director- O. J. Harmon;
National Director Mark Inch ; Nation Director Herwitz;
National Director Sawyer ; central office Medical
Designator- Yvette Phillips ; office of Medical Designator ;
Legal Counsel Matthew W. Mellady . office of legal
Counsel. Warden Coakley ; Dr. G. Nimms (as fully
incorporating facts, P. 5). To wit:

pursuant personal involvement law, did through failure to act; super-
vise or inter-vene in deliberate indifference having tacit authorization
during and in relation to claim (7) fully incorporated pursuant super-visor
liability, having received legal notice through the attorney general's
office, that contributed to risk of health and safety and imminent
danger of serious injury and death, as stated in claim (7) fully incorporated
who did conspire to deprive civil rights of plaintiff while acting within
their scope of employment or office, contributed to worsening conditions
and physical injuries for failure to follow policy directives for intubated

Hall v. US, et. al.
Additional pages

25

P. 11

Claim 8 (continued):

inmates for (MRC) placement, as stated in claim (7) fully incorporated that discriminated against plaintiff in violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments of plaintiff between the dates 10/25/18 to present; and/or under respondeat superior such did constitute negligent supervision of the abovehered fully incorporated that violated their duty of care owed to plaintiff which recklessly placed plaintiff at risk of health and safety and in imminent danger of serious injury, in violation of their duty of care that denied the applicable standard of care for inmates of intubation in accord with or pursuant to policy directives for placement in a (MRC) for prior intubation, that worsened conditions and contributed to further injuries as set forth in claim (7) fully incorporated, between the dates of 10/25/18 to present in violation of duty of care owed 18 USC 4001(b)(2); 4042(a)(2), (3) against the United States pursuant FTCA laws. (exh. 4, ad. remedy no. 962153; exh. 4, FTCA, p. 10; cert. no. 70060100000692245347 resubmitted 7/23/19, see exh. no. 8 of claim 1 fully Incorporated).

Claim 9 (Fully Incorporated)

Defendants: United States; National Director - Mark Inch; National Director - Herwitz; National Director - Sawyer; Regional Director A.P. Dunlap; Regional Director O.J. Harmon; Officer of legal Counsel; Legal Counsel Matthew W. Mellady; Central office Medical Designator Yvette Phillips; office of Medical Designator; Warden Coakley; Warden F. Entzel; Warden Antonelli; HSA Friend; Associate Warden Keys; Associate Warden Sweaney; Doctor G. Mimms; PA. J. Pyles; PA. Meyers; Regional Doctor - V. Dankwa, (as fully incorporating facts p.5); to wit:

Hall v. US, et. al.                                    26
Additional pages

p. 12

Claim 9 (continued):

Did in deliberate indifference directly or indirectly caused or contri-
buted to a risk to health and safety of plaintiff and/did conspire
to deprive civil rights through denial of individualized needs for medical
transfer as the proper standard of care to become functional through
physical therapy services or the equivalent physical therapy services
and treatment as recommended by Dr. Chris Vasilgkis for serious medical
needs of several stenosis of the spine and lumbar diseases, right
knee rom loss in addition, right knee meniscus tears to improve
function, that causes chronic pain; loss of balance and mobility;
and falls; in which the standard of care for physical therapy is not
available at USP Hazelton, WV. facility for such care and treatment for
individualized needs of serious medical conditions and needs, clearly
established in medical records and under law; acting without discretion
outside their scope of employment or office, placing plaintiff in imminent
danger of serious physical injury of such conditions and actual injury of
such conditions from conditions worsening including falls; numbness of
limbs; paralyses; chronic pain and joint damage that severely restricts
mobility or any kind of exercise which constitutes risk of health and
safety and a wanton infliction of pain and suffering in discrimination
in violation of the 5th amendment equal protection of law and 8th amend-
ment cruel and unusual punishments between the dates of 5/17/18;
5/24/18 to present; and/or did with negligence; ordinary negligence;
negligence per se; abuse of process; misrepresentations; reckless disregard
for health and safety including imminent danger of serious injury, breach
of duty of care, acting within their scope of employment and office
as stated abovehereín fully incorporated, did deny the appropriate standard
of care to become functional through physical therapy care and treatment
or the equivalent physical therapy care and treatment for individualized
needs as stated abovehereín fully incorporated not available at USP
Hazelton, WV. facility that also worsened conditions as stated above-
herein as fully incorporated in breach of duty of care between the
dates of 5/17/18; 5/24/18 to present in violation of 18 USC 4001(b)(2);

Hall v. US, et.al.

Additional pages

27

<u>P.13</u>

<u>Claim 9 (continued)</u>:

4042(a)(2); (3) against the United States pursuant FTCA laws. (exh. 5; ad. remedy no. 962154; exh 1, FTCA certified no. 70060100000692245347, also FTCA no. TRT-MXR-2020-01642-exh. 5, certified no. 70171450000024520291 dated 10/3/19 as supplemental exhibit; also exh. 2 of Claims 3-4 Dr. Vailakis medical reports fully incorporated).

<u>Claim 10.</u> (Fully Incorporated)

<u>Defendants</u>: United States; National Director Mark Inch; National Director Herwitz; National Director Sawyer; Regional Director A.P. Dunlap; Regional Director O.J. Harmon; Office of legal counsel. Legal counsel Matthew W. Mellady; Central office Medical Designator Yvette Phillips; Office of Medical Designator Warden Coakley. Warden F. Entzel; Warden Antonelli; Associate Warden Keys; Associate Warden Sweeney; Doctor G. Mimms; Regional Doctor V. Dankwa; HSA friend; (as fully incorporating facts p.5); to wit:

pursuant personal involvement laws, did through failure to act, supervise or intervene in deliberate indifference having tacit authorization during and in relation to claim (9) fully incorporated pursuant supervisor liability, having received legal notice through the attorney General's office, who did conspire to deprive civil rights of plaintiff by acts and omissions and tacit authorization of subordinate conduct that contributed to risk of health and safety and placed plaintiff in imminent danger of serious injury derived from serious medical needs of several spinal and lumbar stenosis; right knee rom loss and meniscus tears; that causes chronic pain, loss of function; limited mobility; loss of balance and falls, who did deny timely access to the proper standard of care for physical therapy and transfer for care and services thereof or the equivalent physical therapy care and treatment to regain function from (PT) not available at USP Hazelton, WV

(over-)

Hall v. US, et.al.
Additional pages

28

p. 14

Claim 10 (continued):

Facility for individualized needs as clearly established in medical records and under law, who did act without discretion acting outside their scope of employment or office. Failing to provide the proper standard of care for physical therapy as individualized needs in discrimination and a wanton infliction of pain and suffering in violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments between the dates 5/17/18; 5/24/18 to present: and/or under respondeat superior such acts and omissions did constitute negligent supervision within their scope of employment or office of the aboveherein fully incorporated that did violated a duty of care owed to plaintiff which recklessly placed plaintiff at risk of health and safety and in imminent danger of serious injury by not using the appropriate or proper standard of care for physical therapy and transfer for such care and treatment thereof or the equivalent care and treatment of physical therapy at an appropriate facility having such available physical therapy services not available at USP Hazelton, W.V. facility, as clearly indicated in medical records to return function from such medical conditions aboveherein fully incorporated causing further worsened conditions and chronic pain and loss of function and limited mobility and balance, between the dates of 5/17/18; 5/24/18 to present in violation of their duty of care owed to plaintiff 18 USC 4001(b)(2). 4042(a)(2),(3) against the United States pursuant FTCA laws. (exh. 5, ad. remedy no. 962154; exh 1, FTCA certified no. 70060100000 49 224 5347; also FTCA no. TRT-MXR-2020-01642 - exh 5, certified no. 7017145 00000 245 20291 dated 10/3/19 as supplemental exhibit; also exh. 2 of claims 3-4 Dr. Vasilakis medical reports fully incorporated).

Hall v. USA, et. al.

29

Rev. 10/2015 Prisoner Complain

| What was your injury? | See pages 20 - 24 Fully Incorporated. |
|---|---|

Hall v. USA, et-al

Rev. 10/2015 Prisoner Complaint

30

## VI.    ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?   ☑ Yes   ☐ No
    If no, explain why not:        attached

See pages 15 - 19 and Appendix / exhibits Fully
Incorporated.

Is the grievance process completed?                     ☑ Yes   ☐ No
    If no, explain why not:        attached

## VII.    RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

See attached additional pages Fully incorporated;
pages 23 - 25.

Hall

Additional pages

31

p.15

## VI. Administrative Procedures (continued): 8 of 10

### Obstructions; Good faith; law; Affidavit

1). Ad. remedy no. 948486 claims 1-2: The BP9 (Blue form) to the Warden was filed 7/18/18. The Warden rejected the ad. remedy to file Tort claim on 7/31/18. The BP10 (Yellow form) was then submitted to the region with copies of the BP9 stamped received with the rejection. The region rejected the BP9 and/or answer not attached. Upon filing the BP11 (pink form) to the Central office they concurred with the region. This remedy was attempted in good faith and process complied with in accord with law and policy, see below. Counselor Blunt's request for extension of time, varifies that the BP9 was being processed for the region. In order to receive or process remedies, the counselor varifies and issues the remedy or extensions. (exh.'s 1, claim 1-2; ad remedy no. 948486; legal notice was also given to US Attorney for supervisor liability claim 2).

2). Ad. remedy no. 986860 claims 3-4: The BP11 (pink form) to the Central office rejected stating the region's copies were not attached. though they were attached, upon the facility lockdown ending, plaintiff resubmitted the forms in good faith on or about 10/24/19, no response was received. This remedy was attempted in good faith and process complied with in accord with law and policy, see below. (exh.'s 2, cl. 3-4 ad. remedy no. 986860; legal notice was also given to US Attorney for supervisor liability claim 4).

(over)

Hall v. US, et. al.
Additional pages                                                    32

<u>p.16</u>

VI. <u>Administrative Procedures</u> (continued): 8 of 10
    <u>obstruction; good faith; law; affidavit</u>

  3). Ad. remedy no. 994234 claims 3-4: the Warden's office mixed
up the file numbers and issues between ad. remedy no. 994234 regarding
medical issues of heart stress test; ultra sound for blood clots and chronic
care, with ad. remedy no. 983435 issues of (PHSE) Sarah Senko
medical equipment/chronic care. Ad. remedy no. 983435 F1 Warden's
response clearly indicates several different issues. 1). July 8th, 2019 of
(PHSE Senko); 2). Ultra sound; heart etc., chronic care. The BP9 (blue
form) to the Warden clearly addressing the ultra sound (interalia)
issues, was assigned ad. remedy no. 983435 of (PHSE) Senko, and
(PHSE) Senko's BP9 was not returned. The BP9 dated 6.19.19 re: ultra
sound (interalia) was returned with the Warden's response combining
multiple issues of both ad. remedies. This caused the region to issue
a rejection for multiple issues. I proceeded in good faith, the Central
office also rejected concurring with the region due to the mixed up files
by the Warden's office. (exh. 2, claims 3-4. ad. remedy no. 994234;
legal notice was also given to the U.S. Attorney for supervisor liability
claim 4).

  4). Ad. remedy no. 983435 claims 5-6: fully incorporates paragraphs
no. 2 hereinabove. No answer received on the BP11 (pink form) to the
Central office final appeal. (exh. 3, claim 5-6; ad. remedy no. 983435;
legal notice was also given to the U.S. Attorney for supervisor liability
claim 6). I proceeded in good faith.

Case 5:20-cv-00036-JPB-JPM   Document 1   Filed 02/19/20   Page 34 of 43   PageID #: 34

Additional pages

VI. <u>Administrative Procedures</u> (continued): 8 of 10

<u>obstruction</u>; <u>good faith</u>; <u>law</u>; <u>Affidavit</u>

5). Ad. remedy no. 788470 claims 7-8: upon appealing the warden's response to the region on BP10 (yellow form), the region issued a wrong file no. 994264, and failed to timely respond. upon appealing to the central office on BP11 (pink form) the file no. was corrected and the appeal was sent back to the region for investigation and response by 12/11/19. No response was received again, and on 12/17/19 the BP11 to the central office was mailed during lockdown. (exh's. 4, claims 7-8, ad. remedy no. 788470. legal notice was also given to US Attorney for supervisor liability claim 8). this appeal was processed in accord with law and policy including good faith. See below.

6). Ad. remedy no. 962154 claims 9-10: No answers or responses on the issue of physical therapy was received at all levels of the appeal. This appeal was taken in good faith and in accord with the law and policy. See below. (exh. 5, claims 9-10, ad. remedy no. 962154. legal notice was also given to US Attorney for supervisor liability claim 10).

<u>Law In Support</u>

Here, the actions and persistent attempts to obstruct the ad. remedy process for a tactical advantage for the defendants affirmative defense pleading. Jones v. Bock, 127 S.Ct. 910, 921, 166 L.Ed2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints."), causes plaintiff to demonstrate exhaustion against S.Ct. precedents.

(over)

Hall v. US, et. al.
Additional pages

34

P. 18

VI. Administrative Procedures (continued): 8 of 10

Law In Support

Further, the PLRA provides in pertinent part:

(a) Applicability of administrative remedies

No action shall be brought to prison conditions under-
section 1983 of this title, or any other Federal law, by
a prisoner confined in any jail, prison, or other correctional
facility until such administrative remedies as are available
are exhausted. 42 USC 1997e.

Administrative remedies must, however be available to the prisoner,
and the court is "obligated to ensure that any defects in administrative
exhaustion were not procured from the action or inaction of prison officials".
See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)(stating
that although 42 USC 1997(e) requires inmates to exhaust "available"
administrative remedies, the "failure [of prison officials] to respond to a
grievance within the time limits contained in the grievance policy renders
an administrative remedy unavailable"); also Toomer v. BCDC, 537 Fed. Appx.
204 (4th Cir. 2013)(same); Zande v. Lappin, 415 Fed. Appx. 491 (4th Cir.
2011)(same); Hill v. O'Brien, 387 Fed. Appx. 396 (4th Cir. 2010)(same); Hill
v. Haynes, 380 Fed. Appx. 268 (4th Cir. 2010)(same); Bacon v. Greene,
319 Fed. Appx. 256 (4th Cir. 2009)(same); Moore v. Bennette, 517 F.3d
717 (4th Cir. 2007)(same).

The fourth circuit has addressed the meaning of "available remedies":
"[A]n administrative remedy is not considered to have been available
if a prisoner, through no fault of his own, was prevented from
availing himself of it", see e.g. Aquilar-Avellaveda v. Terrell,
478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684
(7th Cir. 2006). A prisoner does not exhaust all remedies available simply
by failing the required steps so that remedies that were available to
him no longer are. See Woodford v. Ngo, 548 US 81, 89, 126 S.Ct. 2378,
165 L.Ed 2d 368 (2006). Rather, to be entitled to bring suit in Federal court,

## VI. Administrative Procedures (continued): 8 of 10

### Law In Support

a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively, Id at 8T. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. See Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). also see 28 CFR 542.11 and 542.18(12)(absence of a response is a denial).

May the Court therefore find that any defects in the ad. remedy process was no fault of plaintiff in which was exhausted in good faith under procedural rules. Booth v. Churner, 532 US 731, 741, 121 S.Ct. 1819, 149 Led 2d 958 (2001); Porter v. Nussle, 534 US 516, 524-25, 122 S.Ct. 983, 152 Led 2d 12 (2002).

I depose under penalty of perjury 28 USC 1746 that the fore-going administrative procedures hereinabove was procedurally exhausted as available under law and taken in good faith; as fully Incorporated into the complaint.

28 USC 1746

2/13/20

Hall v. US, et.al.
Additional pages

36

<u>P.20</u>

<u>Injuries (continued)</u>: 7 of 10

<u>General Injury Chart</u>

1). Worsening conditions of persistent asthma and copd;

2). worsening conditions of SOB (shortness of breath);

3). worsening Lung Capacity;

4). Right lung 7mm nodule growth;

5). worsened nerve injuries either compressed or in part; stretched or displaced persistent chronic pain;

6). worsening and deteriorating Lumbar disc L4, L5, S1 stenosis and persistent chronic pain;

7). worsening loss of muscles low back and persistent chronic pain;

8). worsening persistent chronic sciatic nerve pain;

9). worsening persistent weakness and numbness of hands; legs and feet;

10). worsening degenerative disc stenosis and persistent chronic pain;

11). Worsening chronic persistent pain of neck and shoulders and weakness;

12). Worsening and persistent chronic pain of herniated disc;

13). worsening reduced and limited ambulation and balance and more frequent falls;

14). worsening bed mobility and persistent chronic pain;

15). worsening continence control of bowel and urine;

16). worsening migraines persistent chronic pain up to a week;

17). worsening erection dysfunction;

18). Loss of Life activities or worsening limitations of sports; exercise; walking; running;

19). worsening arthritis and persistent chronic pain in all Joints;

20). worsening meniscus tears right Knee with persistent chronic pain;

(over)

Hall v. US, et. al.
Additional pages

37

<u>p.21</u>

<u>General Injuries Chart</u> (continued); 7 of 10

21). Worsening deterioration of hip muscles and arthritis and persistent chronic pain;

22). Bone edema right leg persistent chronic pain;

23). Discrimination equal protection of law 5th amendment;

24). Cruel and unusual punishments 8th amendment; wanton infliction of pain and suffering;

25). Worsening reduced sight; blurriness and sensitivity to light and persistent pain;

26). worsening heart voltage and persistent pain;

27). Loss of Rom ~8% right knee ;        and persistent chronic pain;

28). worsening gait and persistent chronic pain;

29). worsening chronic allergies contributing to respiratory diseases; facial pain

30). Increased risk of death due to lung capacity and persistent asthma/copd and risk of collapsed lungs;

31). lack of sleep due to persistent chronic pain; and respiratory diseases;

32). Worsening persistent chronic pain in soles of feet;

33). Worsening persistent chronic pain in legs, shooting pain;

34). worsening persistent chronic pain in arms; .

35). worsening persistent chronic pain in groin and waist;

36). Depleted Life span

38

Hall v. US, et. al.
Additional pages

p. 22

Specific Injuries To Claims: 7 of 10

(All referenced claims fully Incorporates all injury
paragraphs stated In the general Injury chart):

Claims (1-2): fully Incorporates general injury chart paragraphs
1-18; 23; 24; 29 - 36.

Claims (3-4): fully Incorporates general injury chart paragraphs
1 - 36 passim.

Claims (5-6): Fully Incorporates general injury chart paragraphs
1-36 passim.

Claims (7-8): fully Incorporates general injury chart paragraphs
1-4; 18; 23; 24; 29 - 36.

Claims (9-10): fully Incorporates general injury chart paragraphs
5-15; 18 -24; 27; 28; 31 - 36.

Supplement: (All claims of physical injuries shall fully
incorporate mental anguish injury passim).

Hall v. US, et. al.                                                   39
Additional pages

<u>p. 23</u>

Wherefore, Plaintiff requests the Court grant the following relief:

A. <u>Issue an injunction or an Order pursuant 28 USC 1361 to perform duties to the BOP Agency and its' employees to</u>:

1. Immediately arrange for the plaintiff to be transferred to a MRC- Medical Referral Center in his region for his total medical care and as required for persons of intubation pursuant policy directives;

2. Immediately arrange for the plaintiff's need for all outside special clinic services not available at USP Hazelton consisting of: pulmonary; cardiology; orthopedic; Rheumatology; optamology; physiatry; Neurology; pain management and physical therapy, for the care and treatment and restoration of function to plaintiff's health;

3. Carry out without delay the treatment directed or recommended by such specialists of outside services;

B. <u>Award compensatory damages In the following amounts</u>:

1. Defendants et. al. claims (1-10) except the United States, $5 million dollars Jointly and severally per claim for the physical and emotional injuries sustained under the Constitution.

2. Defendants United States pursuant FTCA and W.Va law Code 55-7B-5(a): "In any medical professional liability action against health care providers, no specific dollar amount or figure may be included in the complaint, but the complaint may include a
(over-)

Hall v. US, et. al.                                    41
Additional pages

p 25

Relief (continued):

C. Punitive Award In the following amounts:

 1. $100,000.00 (one Hundred thousand dollars °°/₁₀₀)
Jointly and severally against all defendants in claims (1-10) per-
claim; except the United States.

D. Attorney fees

 1. Award Attorney fees to all claims of Judgment except
under the FTCA, pursuant 42 USC 1988.

E. Interest fees

 1. Pursuant 28 USC 1961 may the Court award interest at
or from time of Judgment.

 f. Grant such other relief as the Court deems may appear
that plaintiff is entitled.

_____
     2/13/20
      Date                          Respectfully Submitted,
Marc Hérè Hall     11691058
POB 2000 USP Hazelton
Bruceton Mills, WV. 26525

Hall v. USA, et. al.

42

Rev. 10/2015 Prisoner Complaint

## VIII.  PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?      ☑ Yes   ☐ No

If yes, how many?   over (3)

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

Please see record; unknown. Also see "Statement of claim" under imminent danger and fundamental interest are at stake.

Hall v. USA, et al.                                    43

Rev. 10/2015 Prisoner Complaint

## IX.   PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

2/13/20
Dated

Plaintiff's Signature

Marc Pierre Hall
Printed Name

11691-058
Prison Identification #

POB 2000          Bruceton Mills          WV.          26525
Prison Address          City          State          Zip Code

Certificate of Service

I depose under penalty of perjury 28 USC 1746 that the original requesting copy due to lockdown, was deposited with prison officials at USP Hazelton, WV 26525 first class postage Cert. no. 7018 1830 0001 1436 5390 to:

1). Clerk of Court, US District Court, POB 2857-Room 301, Clarksburg, WV. 26302

this day 2/13/20

Page 10 of 10